UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD REED,<br>　　　　Plaintiff,<br>　　v.<br>SELECT PORTFOLIO SERVICES, LLC, et al.,<br>　　　　Defendants. | Case No. 14-cv-05437-VC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br>Re: Dkt. No. 7 |

　　　　Plaintiff Richard Reed's Motion for Default Judgment is denied. Rule 55 requires a "two-step process," whereby the party requesting a default judgment must first seek a clerk's entry of default and then a motion for the entry of default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55."); *accord Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (noting that Rules 55(a) and (b) provide a two-step process for obtaining a default judgment). Plaintiff failed to seek a clerk's entry of default from the Clerk of Court prior to filing his motion for default judgment.

　　　　Moreover, entry of a default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Here, defendants removed this case from Contra Costa County Superior Court, and subsequently filed a motion to dismiss, albeit several days after the deadline for filing a pleading or defense. *See* Fed. R. Civ. P. 81(c)(2)(C); *see also Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1317 (11th Cir. 2002) (affirming district court's denial of motion for default made under similar circumstances).

　　　　Finally, most, if not all, of the *Eitel* factors support denial of Reed's motion. *See* 782 F.2d

1  at 1471–72. Accordingly, the motion is denied.

3  **IT IS SO ORDERED**.

4  Dated:   January 7, 2015

_____
VINCE CHHABRIA
United States District Judge