1

2                          UNITED STATES DISTRICT COURT

3                        NORTHERN DISTRICT OF CALIFORNIA

4

5        RICHARD REED, et al.,
                                              Case No.  14-cv-05437-VC
                     Plaintiffs,
6
                                              **ORDER**
7              v.

8        US BAN N.A., et al.,

9                     Defendants.

10

11          On November 10, 2014, the plaintiffs filed a complaint in Contra Costa Superior Court,

12   asserting a variety of claims against Defendants US Bank and Select Portfolio Services.  The

13   defendants removed the case to federal court and moved to dismiss under Rule 12(b)(6).  Docket

14   Nos. 1,8.  On January 12, 2015, the plaintiffs filed a First Amended Complaint ("FAC"), adding

15   "JP Morgan Chase" as a defendant, *see* Docket No. 24, despite the fact that the plaintiffs' had

16   previously brought an action in state court against Chase, asserting a variety of claims relating to

17   the foreclosure of their home.  *See Richard Reed v. JP Morgan Chase Bank, et al*., Contra Costa

18   Superior Court Case No. MSC12-00154.  In February 2013, the Superior Court dismissed that

19   action without leave to amend.  The plaintiffs did not bring this prior case to the attention of the

20   Court.  Nor does it appear, as of the date of this order, that the plaintiffs have served Chase in this

21   action.

22          US Bank and Select Portfolio Services moved to dismiss the FAC.  Docket No. 37.  On

23   April 10, 2015, the Court issued an order directing the plaintiffs to file a sur-reply addressing the

24   defendants' collateral estoppel argument.  Docket No. 46.  In their sur-reply, the plaintiffs contend

25   that they are not collaterally estopped from asserting any of the claims in their FAC because the

26   dismissal of the prior state court action against Chase was without prejudice, and thus the court's

27   entry of judgment in Chase's favor was not a final judgment on the merits.  Docket No. 47 at 2–4.

28   But contrary to the plaintiffs' contention, the Superior Court sustained Chase's general demurrer to

United States District Court
Northern District of California

1   each cause of action in the plaintiffs' complaint, dismissing *without leave to amend*.  *See* RJN-2,

2   Ex. B.  And "[i]n California, a state court's order sustaining a general demurrer constitutes a final

3   judgment on the merits."  *Janson v. Deutsche Bank Nat'l Trust Co.*, No. 14-CV-05639 JSC, 2015

4   WL 1250092, at *10 (N.D. Cal. Mar. 18, 2015); *see McKinney v. Cnty. of Santa Clara*, 169 Cal.

5   Rptr. 89, 92 (Ct. App. 1980) ("[A] judgment on a general demurrer will have the effect of a bar in

6   a new action in which the complaint states the same facts which were held not to constitute a cause

7   of action on the former demurrer.").

8          The plaintiffs also contend that the enactment of the California Homeowner Bill of Rights

9   ("HBOR") represents an intervening change in the law, meaning that collateral estoppel does not

10  bar the plaintiffs' claims based on Chase's conduct.[1]  But even assuming that the HBOR

11  represented a significant change in the underlying legal principles between the dismissal of the

12  plaintiffs' prior state court case and their filing of the present one, *see Steen*, 106 F.3d at 913, the

13  HBOR may not be applied retroactively.  *See Gonzales v. Wells Fargo Bank, N.A.*, No. C 14-

14  03850 JSW, 2014 WL 5465290, at *2 (N.D. Cal. Oct. 28, 2014).  As a result, the enactment of the

15  HBOR has no bearing on whether the plaintiffs are estopped from asserting claims based on

16  Chase's conduct before the HBOR took effect.

17         Accordingly, the plaintiffs' counsel—specifically, Nikhil Bhatnagar, who is the author of

18  the briefs filed on the plaintiffs' behalf—must come to the hearing on the defendants' motion to

19  dismiss prepared to discuss the merits of the defendants' collateral estoppel argument (as it relates

20  to both the claims the plaintiffs bring against Chase and the claims the plaintiffs bring against US

21

22  [1] The plaintiffs' brief attributes to the Ninth Circuit a quotation from *Jackson v. DeSoto Parish School Board*, 585 F.2d 726 (5th Cir. 1978), in which the Fifth Circuit noted that "[i]t has long
23  been established that res judicata is no defense where, between the first and second suit, there has been an intervening change in the law or modification of signification facts creating new legal
24  conditions."  *Id.* at 729; *see* Docket No. 47 at 5.  However, like the Fifth Circuit, the Ninth Circuit has also recognized that collateral estoppel may not apply where "controlling facts or legal
25  principles have changed significantly since the prior judgment."  *See, e.g.*, *Steen v. John Hancock Mut. Life Ins. Co.*, 106 F.3d 904, 913 (9th Cir. 1997).
26         The plaintiffs also argue that "Plaintiffs were never able to plead the rights outlined by the Homeowners Bill of Rights as their second - and last - amended complaint was filed and demurred
27  to in 2014 - only a few months before the law would take effect."  Docket No. 47 at 5.  But the HBOR took effect on January 1, 2013.  The Court can only assume that the plaintiffs' reference to
28  2014 is a typographical error.

2

1  Bank and Select Portfolio Services based on Chase's alleged wrongful conduct on a theory of

2  successor liability).  Mr. Bhatnagar should also come to the hearing prepared to demonstrate why

3  he should not be sanctioned under Rule 11 in the amount of the defendants' costs and attorneys'

4  fees in defending this action with respect to claims based on Chase's conduct, particularly given

5  Mr. Bhatnagar's misrepresentation in his brief about the nature of the prior dismissal.  The

6  defendants should submit to the Court a declaration, by no later than April 29, 2015 at 3:00 p.m.,

7  which sets forth those costs and fees.

8         Finally, the Court notes that Mr. Bhatnagar failed to appear at the case management

9  conference held on March 17, 2015.  Failure to appear at the hearing on the defendants' motion to

10  dismiss will result in dismissal of the case for failure to prosecute.

11

12         **IT IS SO ORDERED.**

13  Dated:  April 28, 2015

14         _____

15         VINCE CHHABRIA
         United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

3