UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD REED, et al.,

    Plaintiffs,

v.

US BAN N.A., et al.,

    Defendants.

Case No. 14-cv-05437-VC

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Re: Dkt. No. 37

The motion to dismiss is granted.

The plaintiffs' first amended complaint fails to state a claim because the complaint names three distinct entities as defendants but fails to differentiate between these multiple defendants. *See In re Sagent Tech., Inc., Derivative Litig.*, 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003) ("[T]he complaint fails to state a claim because plaintiffs do not indicate which individual defendant or defendants were responsible for which alleged wrongful act."). Moreover, to the extent that the plaintiffs' claims rest on a theory of successor liability, the complaint fails to adequately plead facts necessary to support this theory. *See Butler v. Adoption Media, LLC*, 486 F. Supp. 2d 1022, 1066 (N.D. Cal. 2007). Because the complaint must be dismissed on these grounds alone, the Court does not reach the additional arguments that defendants raise in their motion to dismiss.

Accordingly, the motion to dismiss is granted. But because it does not appear that amendment would be futile, the dismissal is with leave to amend. Should the plaintiffs wish to file an amended complaint, they must do so within 21 days of the date of this order or the dismissal will be with prejudice.[1]

---

[1] The Court also notes that the plaintiffs still have yet to serve Chase, and have not offered any reason for this failure. If the plaintiffs file an amended complaint that includes claims against Chase, they should promptly serve Chase. Failure to do so will result in dismissal of those claims. *See Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006) ("[T]he 120–day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint.").

In addition, in their reply in support of their motion to dismiss, the defendants raised for the first time the possibility that a number of the claims in the plaintiffs' operative complaint are barred by the judgment in Chase's favor in the plaintiffs' prior state court action. (The defendants only learned of this action after filing their motion to dismiss.) Although the Court ordered the plaintiffs to file a sur-reply on the issue of the preclusive effect of this prior judgment, the parties have not yet had the opportunity to fully brief this issue. Without the benefit of full briefing from both parties, the Court does not reach this issue. However, the Court notes that, contrary to the plaintiffs' representation in their sur-reply on the issue of res judicata/collateral estoppel, under California law the Superior Court's judgment in the defendants' favor serves as a final judgment on the merits. *See Janson v. Deutsche Bank Nat'l Trust Co.*, No. 14-CV-05639 JSC, 2015 WL 1250092, at *10 (N.D. Cal. Mar. 18, 2015). Furthermore, the plaintiffs contended in their sur-reply that an intervening change in the law means that they are not now precluded from reasserting claims based on Chase's conduct. But the plaintiffs cited only federal case law in support of this proposition, and the preclusive effect of the prior state court judgment is governed by California law. *See City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th Cir. 2003). And the California Supreme Court has held that res judicata applies even if the law changes between the first and second lawsuit. *See, e.g.*, *Slater v. Blackwood*, 543 P.2d 593, 595 (Cal. 1975).[2]

---

[2] As the court explained:

> It cannot be denied that judicial or legislative action which results in the overturning of established legal principles often leads to seemingly arbitrary and unwarranted distinctions in the treatment accorded similarly situated parties. However, [p]ublic policy and the interests of litigants alike require that there be an end to litigation. The result urged by plaintiff . . . would call . . . into question the finality of any judgment and thus is bound to cause infinitely more injustice in the long run than it can conceivably avert in this case. The consistent application of the traditional principle that final judgments, even erroneous ones, are a bar to further proceedings based on the same cause of action is necessary to the well-ordered functioning of the judicial process. It should not be impaired for the benefit of particular plaintiffs, regardless of the sympathy their plight might arouse in an individual case.

*Slater*, 543 P.2d at 596 (citations and internal quotation marks omitted). And at any rate, the change in the law on which the plaintiffs rely, the enactment of the California Homeowner Bill of Rights ("HBOR"), could have no bearing on the plaintiffs' ability to reassert claims based on Chase's conduct before the HBOR took effect because the HBOR is not retroactive. *See Gonzales*

Accordingly, if the plaintiffs choose to file an amended complaint, and if the amended complaint asserts claims that were brought or could have been brought in the prior lawsuit, counsel for the plaintiffs must have a good-faith basis for believing that those claims are not barred under the doctrines of res judicata and/or collateral estoppel.  *See* Fed. R. Civ. P. 11(b).

**IT IS SO ORDERED.**

Dated:  May 8, 2015

VINCE CHHABRIA
United States District Judge

---

*v. Wells Fargo Bank, N.A.*, No. C 14-03850 JSW, 2014 WL 5465290, at *2 (N.D. Cal. Oct. 28, 2014).