1

2

3

4                           UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7   RICHARD REED, et al.,                    Case No.  14-cv-05437-VC

                 Plaintiffs,
8
                                             **ORDER GRANTING MOTION TO**
9         v.                                 **DISMISS WITH PREJUDICE**

10  US BANK N.A., et al.,                     Re: Dkt. No. 57

                 Defendants.
11

12

13        The Reeds are suing US Bank and Select Portfolio Servicing for wrongful foreclosure and

14  related claims.  Because the parties are familiar with the facts of the case, the court will not repeat

15  them here.

16        <u>Claims Based on Conduct by Washington Mutual and Chase</u>

17        In 2012, the Reeds sued JP Morgan Chase in Contra Costa Superior Court.  As part of that

18  lawsuit, the Reeds contended, among other things: Washington Mutual concealed terms of the

19  loan; the loan was later transferred to Chase; Chase refused to grant the Reeds a loan modification

20  despite accepting their payments under the Trial Payment Plan; Chase failed to give the Reeds

21  proper notice of the foreclosure; and the foreclosure was unlawful.  The  Superior Court dismissed

22  the case and entered final judgment for Chase on February 28, 2013.  Now in federal court, the

23  plaintiffs bring many of the same claims predicated on the same facts against US Bank and Select

24  Portfolio Servicing, whom they allege are in privity with Washington Mutual and Chase.  These

25  claims are clearly barred by the doctrine of res judicata.  Even if some of the claims in this federal

26  case relating to the conduct of Washington Mutual and Chase were not brought in state court,

27  those claims are still barred to the extent they're based on the pre-judgment conduct by those

28  entities, because the Reeds could have brought the claims in the state court action.  *See Noble v.*

1   *Draper*, 160 Cal. App. 4th 1, 11 (Cal. Ct. App. 2008), *as modified* (Feb. 25, 2008) ("Res judicata

2   precludes piecemeal litigation  . . . [and] bars claims that could have been raised in the first

3   proceeding regardless of whether or not they were raised.").   Therefore, all claims based on pre-

4   judgment conduct are dismissed with prejudice.  The remainder of this order addresses only claims

5   that could reasonably be construed as arising from post-judgment conduct by US Bank and Select

6   Portfolio Servicing.

7       Fraud

8       Although the complaint is difficult to follow, the Reeds assert in their opposition brief two

9   theories in support of their fraud claim based on post-judgment conduct by US Bank and Select

10  Portfolio Servicing.  First, the Reeds contend the defendants provided them with a "Notice of Sale,

11  Summary of Key Information" that "failed to provide plaintiffs with accurate information" and

12  that as a result their home was sold without their knowledge.  But this is not plausible in light of

13  the complaint's factual allegations and the documents attached to the complaint, including the

14  Summary of Key Information.  The Summary stated that the Reeds' home would be sold on March

15  28, 2014 at 9:00 a.m., and that the sale would occur at the Pittsburg Civic Center at 65 Civic

16  Avenue, Pittsburg, CA 94565.  The home was indeed sold on March 28, 2014, and there are no

17  allegations that the sale occurred in a different location or at a different time.  The Summary also

18  lists several websites that homeowners can check for updates in the event the sale is postponed,

19  and the Reeds complain that the websites didn't say anything about their property.  But the sale

20  wasn't postponed, so that statement in the Summary was not misleading.  And the Reeds, having

21  received the Summary, knew the date and location of the sale.

22      Second, the Reeds contend that US Bank tried to wrongfully evict them while there was an

23  automatic bankruptcy stay in place and that US Bank filed a fraudulent declaration in its unlawful

24  detainer action.  But if the Reeds wanted to challenge US Bank's action as a violation of the

25  automatic stay, or recoup attorneys' fees spent opposing the motion, they were required to do that

26  in bankruptcy court.  *See* 11 U.S.C. § 362(k); *see e.g., In re Gruntz*, 202 F.3d 1074, 1082-84 (9th

27  Cir. 2000) (the power to enforce or modify an automatic stay is vested exclusively in the

28  bankruptcy court); *In re Wardrobe*, 2007 WL 7540982, at *4 (B.A.P. 9th Cir. July 31, 2007) *aff'd*,

United States District Court
Northern District of California

559 F.3d 932 (9th Cir. 2009) (same); *In re Johnston*, 321 B.R. 262, 275 (D. Ariz. 2005) ("The automatic stay has the same effect as a court-ordered injunction.  As a result, any violation of the stay's provision is contempt of court." (internal quotations and citations omitted)).  In any event, it's not clear how the Reeds could have relied on the alleged fraudulent declaration to their detriment.  US Bank withdrew the motion and voluntarily dismissed the action, and the Reeds are still in their home.

Wrongful Foreclosure

The complaint asserts a claim for violation of California Civil Code Section 2924 *et seq*. To the extent this claim is based on allegations that the Summary of Key Information was false, the claim is dismissed for the reasons already stated.  The claim is also dismissed to the extent it's based on allegations that the defendants made false or misleading statements about the loan modification process or foreclosure, because the complaint doesn't identify which defendant made false or misleading statements or describe the substance of those statements.

The complaint also asserts that the defendants violated Section 2924 *et seq.* by foreclosing on the Reeds' home without informing them that their appeal had been denied, or, in other words, by "dual tracking" their loan.  But Section 2923.6(g) provides that a mortgage servicer "shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013 . . . unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer."  The Reeds were reviewed for a loan modification in 2010.  They contend that Chase did not give them a "fair opportunity" for evaluation in 2010, but that application for loan modification was the subject of the prior litigation.  As already discussed, the Reeds are barred from relitigating that issue.  The Reeds do not assert that there has been a material change in their financial circumstances since 2010 or that they submitted documentation of this change to US Bank or Select Portfolio Servicing.  The claim for wrongful foreclosure based on this theory is dismissed.  *See Rockridge Trust v. Wells Fargo, N.A.*, 985 F.Supp.2d 1110, 1151 (N.D. Cal. 2013).

The complaint further alleges that the defendants violated Section 2924 by foreclosing without serving the Reeds with a copy of the Notice of Trustee Sale within 10 days of recording the Notice.  The complaint states that "Defendant" recorded the notice on March 6, 2014, and "Defendant's agent ALAW" provided the Reeds with the "Notice of Sale, Summary of Key Information" six days later, on March 12, 2014.  The plaintiffs allege that although they received the Summary of Key Information, they did not receive the actual "Notice" that was supposed to be attached to the Summary.  But the Summary stated that the Reeds were in default, warned that there would be a foreclosure sale, and provided the details of where and when the sale would take place.  The sale occurred exactly as the Summary warned, and there's no plausible allegation that the sale would have been averted but for the failure to attach the actual notice.  This claim is therefore dismissed.  *See Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) ("We also note a plaintiff in a suit for wrongful foreclosure has generally been required to demonstrate the alleged imperfection in the foreclosure process was prejudicial to the plaintiff's interests. . . . Prejudice is not presumed from 'mere irregularities' in the process."); *Rockridge Trust*, 985 F.Supp.2d at 1145.

Promissory Estoppel

To the extent the claim for promissory estoppel is based on the Summary of Key Information, the claim is dismissed for the reasons stated above.

The complaint also asserts that the defendants induced the Reeds to apply for a loan modification without intending to conduct a good faith review of their application or follow the terms of the modification process.  But the complaint doesn't allege that the defendants made a promise in this regard on which the Reeds relied.  For example, there's no allegation that US Bank or Select Portfolio Servicing promised the Reeds a loan modification or that the Reeds entered into a trial payment plan with these defendants.  To the contrary, the complaint states that the Reeds applied for a loan modification with Select Portfolio Servicing in September 2013 and their application was denied.  And for the reasons already stated, the dual tracking provisions of Section 2923.6 don't apply, because the defendants were not required to evaluate the Reeds' loan modification application.  *See* § 2923.6(g).  There also isn't any allegation that the Reeds changed

United States District Court
Northern District of California

4

their position in reliance on a promise by the defendants.

### Breach of contract

The breach of contract claim against Select Portfolio Servicing is dismissed, because Select Portfolio Servicing, as the loan servicer, was never a party to the deed of trust. *See Howard v. First Horizon Home Loan Corp.*, 2013 WL 3146792, at *2 (N.D. Cal. June 18, 2013).

The breach of contract claim against US Bank is also dismissed. The complaint asserts that US Bank breached the deed of trust by not following state and federal law. But the complaint does not allege which provision(s) of the deed US Bank violated. Nor does it quote or attach the deed or explain the substance of the provisions. Moreover, to the extent this claim is relying on violations of the California Civil Code, those claims have been dismissed.

### Quiet Title

Because all of the other claims fail, there's no basis for a claim to quiet title. This claim is dismissed.

### Conclusion

This is the plaintiffs' second lawsuit, with the first having been decided against them in state court. And in the current lawsuit, the plaintiffs have amended their complaint twice but continue to assert numerous claims that are barred by res judicata, are not viable, and/or are unintelligible. Because it has become obvious that further amendment will be futile, all claims are dismissed with prejudice, and judgment will be entered in favor of the defendants.

**IT IS SO ORDERED.**

Dated: August 25, 2015

_____
VINCE CHHABRIA
United States District Judge